UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: Paul C. Brown,<br>　　　　　Debtor(s). | Bankruptcy No. 08 B 21786<br>Adversary No. 08 A 00936<br>Chapter 7<br>Judge Manuel Barbosa |
|---|---|
| Dusan Delic<br>and Svetlana Delic,<br>　　　　　Plaintiff(s),<br>v.<br>Paul C. Brown,<br>　　　　　Defendant(s). | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for summary judgment, pursuant to Fed. R. Civ. P. 56 made applicable by Fed. R. Bankr. P. 7056 and 9014, filed by plaintiffs Dusan Delic and Svetlana Delic ("Plaintiffs") against debtor-defendant Paul C. Brown ("Debtor") relating to Plaintiffs' first set of interrogatories and notice to produce and request to admit, pursuant to Fed. R. Civ. P. 36 made applicable by Fed. R. Bankr. P. 7036, on discovery for Plaintiffs' adversary complaint objecting to discharge for fraud under 11 U.S.C. §§ 523(a)(4), (6). For the reasons set forth herein, the Court grants Plaintiffs' motion for summary judgment.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 (2006) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(4), (6). It is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(I), (J) (2006).

## FACTS AND BACKGROUND

The following facts and procedural history are taken from pleadings and other papers

filed with this court as well as from records to which the parties refer. Many of the facts alleged have been admitted in answer and are, therefore, uncontested.

On August 1, 2006, Plaintiffs and Debtor entered into a written contract for a "three week balloon note" (the "Contract") whereby Plaintiffs loaned Debtor $115,300 and, pursuant to section three of the Contract, Debtor agreed to fully repay Plaintiffs in three weeks on August 22, 2006. When Debtor allegedly failed to repay on August 22, 2006, Plaintiffs subsequently filed suit for breach of contract. On February 27, 2008, Plaintiffs filed a two (2) count complaint in the Circuit Court of Cook County against Debtor. In Count I, Plaintiffs alleged breach of contract for Debtor's willful breach of the Contract. In Count II, Plaintiffs alleged breach of statutory duty in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2. When Debtor failed to appear, Plaintiffs filed a motion for default judgment against Debtor. In an order dated July 16, 2008, the Circuit Court of Cook County found in favor of Plaintiffs and against Debtor for actual damages of $115,300, interest of $21,922.79, late fees of $11,530, and attorney's fees of $1462.50, plus court costs. Plaintiffs' judgment against Debtor equaled $150,215.29. Debtor has allegedly not tendered payment to Plaintiffs.

On August 19, 2008, Debtor through Debtor's counsel Jason H. Rock filed a voluntary Chapter 7 bankruptcy petition. The meeting of creditors, pursuant to 11 U.S.C. § 341(a), was scheduled to be held on September 15, 2008 and the objections to discharge were due by November 14, 2008.

On November 13, 2008, Plaintiffs filed a two (2) count adversary complaint against Debtor objecting to discharge, pursuant to 11 U.S.C. § 523(a)(4) (Count I) and 11 U.S.C. § 523(a)(6) (Count II). Plaintiffs sought a denial of discharge and a finding of non-

dischargeability as to the July 16, 2008 default judgment against Debtor in the breach of contract and statutory fraud claims in the Circuit Court of Cook County.

On November 21, 2008, the Chapter 7 trustee filed a no asset report. In an order dated December 24, 2008, Debtor was granted a discharge.

On February 10, 2009, Debtor pro se filed an answer to Plaintiffs' adversary complaint objecting to discharge. On March 19, 2009, Plaintiffs propounded the first set of interrogatories, notice to produce and request to admit on Debtor pro se via regular mail at his last known mailing address. Plaintiffs' certificate of service attests to this service. On April 18, 2009 or thereafter, Debtor pro se did not file a written answer or objection to Plaintiffs' interrogatories, notice to produce and request to admit.

Plaintiffs' request to admit can be summarized as: Debtor sought money from Plaintiffs and told them that he was a licensed real estate broker who would repay Plaintiffs after he closed on certain real property. Based on Debtor's representations, Plaintiffs agreed to loan $115,300 to Debtor since Debtor told Plaintiffs that he would repay the loans from the commission on the sale of real estate that he owned or assisted in the sale. Debtor never repaid Plaintiffs. Instead, Debtor issued a $50,000 check to Plaintiffs, but the check was returned unpaid due to insufficient funds in Debtor's bank accounts. Moreover, Debtor knew his promises were false, misrepresented his intentions to Plaintiffs, and defrauded Plaintiffs who loaned him money pursuant to the August 1, 2006 Contract. Regarding these matters, a default judgment dated July 16, 2008 from the Circuit Court of Cook County was entered in favor of Plaintiffs and against Debtor for $150,215.29.

On May 18, 2009, Plaintiffs filed a motion for summary judgment, pursuant to Fed. R. Civ. P. 36 made applicable through Fed. R. Bankr. P. 7036, Fed. R. Civ. P. 56(c) made

applicable through Fed. R. Bankr. P. 7056, and 11 U.S.C. §§ 523(a)(4), (6). Plaintiffs assert that Debtor failed to respond within thirty (30) days to Plaintiffs' request to admit, and, thus, the matters are deemed admitted, pursuant to Fed. R. Civ. P. 36. Therefore, Plaintiffs seek summary judgment against Debtor and in favor of Plaintiffs, pursuant to 11 U.S.C. § 523(a)(4), (6). On June 4, 2009, Plaintiffs filed a memorandum of law and statement of facts in support of their motion for summary judgment.

In a scheduling order dated June 4, 2009, the Court granted Debtor pro se leave to file a response to Plaintiffs' summary judgment motion by July 3, 2009 and granted leave for Plaintiffs' to then file a reply to Debtor's response by July 17, 2009. Debtor pro se did not file a reply by July 3, 2009.

On July 16, 2009, thirteen days late, Debtor pro se filed his response to Plaintiffs' summary judgment motion. Debtor pro se gave no reason for his late response. Instead, Debtor pro se alleges that Plaintiffs' motion for summary judgment should be denied because Plaintiffs did not serve him with "interrogatories." In his response, Debtor pro se does not make any allegations regarding Plaintiffs' request to admit and does not give any reason for his lack of response to Plaintiffs' request to admit. Debtor pro se asserts that Plaintiffs cannot produce the original contract from August 1, 2006 and, instead, only submitted a copy of a check relating to the contract.

## DISCUSSION

### Standard of Review

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56 is also

applicable to contested motions through Federal Rule of Bankruptcy Procedure 9014. See In re Vastag, 345 B.R. 882, 884 (Bankr. N.D. Ill. 2006). Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). "The primary purpose of a grant of summary judgment is to avoid unnecessary trials when there is no genuine issue of material fact in dispute." Farries v. Stanadyne/Chicago Div., 832 F.2d 374, 378 (7th Cir. 1987) (quoting Wainwright Bank & Trust Co. v. Railroadmen's Fed. Sav. & Loan Ass'n of Indianapolis, 806 F.2d 146, 149 (7th Cir. 1986)).

In 1986, the United States Supreme Court decided a trilogy of cases which encourage the use of summary judgment as a means to dispose of factually unsupported claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. Anderson, 477 U.S. at 248; Matsushita, 475 U.S. at 585–86; Celotex, 477 U.S. at 322.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. Anderson, 477 U.S. at 255; Peerman v. Georgia-Pac. Corp., 35 F.3d 284, 286 (7th Cir. 1994); Cuddington v. N. Ind. Pub. Serv. Co., 33 F.3d 813, 815 (7th Cir. 1994). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. Anderson, 477 U.S. at 248; Frey v. Fraser Yachts, 29 F.3d 1153, 1156 (7th Cir. 1994). "A motion for summary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if

there is a genuine issue for trial." Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990). However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587.

Local Rule 7056-1 of the Bankruptcy Rules adopted for the Northern District of Illinois requires the party moving for summary judgment to file a detailed statement of material facts that the movant believes are uncontested. N.D. Ill. Bankr. R. 7056-1. Under Local Bankr. R. 7056-1(B), the statement of facts "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion."

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond to the movant's Local Rule 7056-1 statement paragraph by paragraph and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. N.D. Ill. Bankr. R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. Bankr. R. 7056-2(A)(2)(a). Courts are entitled to expect strict compliance with Local Rule 7056-1, which requires that a party opposing summary judgment "serve and file" its brief and supporting materials. N.D. Ill. Bankr. R. 7056-1; see also Raymond v. Ameritech Corp., 442 F.3d 600, 604 (7th Cir. 2006). Rule 9006(b) gives courts both the authority to establish deadlines and the discretion to enforce them. Fed. R. Bankr. P. 9006(b); see also

Raymond, 442 F.3d at 605.

**Request for Admission**

Plaintiffs assert that there are no genuine issues of material fact because Debtor, by failing to respond to Plaintiffs' requests to admit and interrogatories, has admitted the elements essential to Plaintiffs' case.

Rule 36(a) of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7036 provide that a party must answer each matter for which an admission is requested within thirty days or the matter is deemed admitted. Safanda v. Old Second Nat'l Bank (In re Const. Consulting Corp.), No. 05 A 02523, 2008 WL 5644892, at *1 (Bankr. N.D. Ill. Nov. 21, 2008) (citing Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36 (a), (b); In re Silverman, No. 98 A 02064, 1999 WL 326328, at *5 (Bankr. N.D. Ill. May 18, 1999)). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Bankr. P. 36(b).

A party served with a request for admission cannot deny the requested facts for lack of knowledge unless it states how it has made a reasonable inquiry into the matter. Id. (citing Fed. R. Bankr. P. 7036; Brown v. Overhead Door Corp., No. 06 C 50107, 2008 WL 4614299, at *2 (N.D. Ill. Oct. 16, 2008); In re Randy, 189 B.R. 425, 434 (Bankr. N.D. Ill. 1995)). The purpose of Rule 36 is to eliminate the necessity of proving uncontroverted facts, not to discover what the facts are. Id. (citing In re Sziel, 209 B.R. 712, 713 (Bankr. N.D. Ill. 1997)); see also 8A Wright, Miller, Marcus, Federal Practice and Procedure §§ 2252 ("Its function is to define and limit the matters in controversy between the parties."), 2253 ("Strictly speaking Rule 36 is not a discovery procedure at all."). Under this rule, therefore, summary judgment may properly be granted on the basis of unanswered requests for admissions if the facts as admitted are dispositive.

Hasbrook v. Citibank & Educational Credit Mgmt. Corp. (In re Hasbrook), 289 B.R. 375, 378 (Bankr. N.D. Ind. 2002) (citing Sadowsky v. Larson (In re Larson), 169 B.R. 945, 954 (Bankr. D. N.D. 1994)); see also 4A Moore's Federal Practice ¶ 36.08, at 36-75 (2d ed. 1994).

**Objection to Discharge**

The main purpose of a discharge in bankruptcy is to give a debtor a fresh start. See Vill. of San Jose v. McWilliams, 284 F.3d 785, 790 (7th Cir. 2002). The party that seeks to establish an exception to the discharge of a debt bears the burden of proof. Goldberg Secs., Inc. v. Scarlata (In re Scarlata), 979 F.2d 521, 524 (7th Cir. 1992); Banner Oil Co. v. Bryson (In re Bryson), 187 B.R. 939, 957 (Bankr. N.D. Ill. 1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); see also In re McFarland, 84 F.3d 943, 946 (7th Cir. 1996); In re Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994). Exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor. In re Morris, 223 F.3d 548, 552 (7th Cir. 2000); Kolodziej v. Reines (In re Reines), 142 F.3d 970, 972-73 (7th Cir. 1998); In re Zarzynski, 771 F.2d 304, 306 (7th Cir. 1985). "The statute is narrowly construed so as not to undermine the Code's purpose of giving the honest but unfortunate debtor a fresh start." Park Nat'l Bank & Trust of Chi. v. Paul (In re Paul), 266 B.R. 686, 693 (Bankr. N.D. Ill. 2001). Section 523 of the Bankruptcy Code enumerates specific, limited exceptions to the dischargeability of debts.

**Section 523(a)(4)**

Section 523(a)(4) provides as follows: "(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt– . . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. § 523(a)(4). The meaning of these terms is a question of federal law. In re Burke, 398 B.R. 608, 625 (Bankr. N.D. Ill. 2008) (citing In re McGee, 353 F.3d 537, 540 (7th Cir. 2003)). Most courts apply the general rule that the

creditor bears the burden of proof in a proceeding to determine the dischargeability of a debt under section 523(a)(4). Fowler Bros. v. Young (In re Young), 91 F.3d 177 (10th Cir. 1996); Coburn Co. v. Nicholas (In re Nicholas), 956 F.2d 110 (5th Cir. 1992); 4 COLLIER, ¶ 523.10[1][c]. "Fraud" for purpose of this exception has generally been interpreted as involving intentional deceit, rather than implied or constructive fraud. In re Tripp, 189 B.R. 29 (Bankr. N.D.N.Y. 1995); In re McDaniel, 181 B.R. 883 (Bankr. S.D. Tex. 1994); 4 COLLIER ON BANKRUPTCY ¶ 523.10[1][a] (15th ed. 2008).

"Defalcation" is not defined in the Bankruptcy Code, but the term "defalcation" has been used in the Bankruptcy Code since 1841. Meyer v. Rigdon, 36 F.3d 1375, 1382-83 (7th Cir. 1994) (citing Central Hanover Bank & Trust Co. v. Herbst, 93 F.2d 510, 511 (2d Cir.1937) (the leading case defining "defalcation")). Judge Learned Hand in Herbst concluded that while a purely innocent mistake by the fiduciary may be dischargeable, a "defalcation" for purposes of this statute does not have to rise to the level of "fraud," "embezzlement," or even "misappropriation." Meyer, 36 F.3d at 1384 (citing Herbst, 93 F.2d at 512). The Seventh Circuit held that defalcation requires reckless conduct. Id. at 1385; In re Howard, 339 B.R. 913, 920-21 (Bankr. N.D. Ill. 2006); 4 COLLIER, ¶ 523.10[1][b].

The Seventh Circuit has found that a fiduciary relationship exists for purposes of section 523(a)(4) when there is "a difference in knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy over the latter." Burke, 398 B.R. at 625 (quoting In re Marchiando, 13 F.3d 1111, 1116 (7th Cir. 1994)); see also In re Woldman, 92 F.3d 546, 547 (7th Cir. 1996) ("[S]ection 523(a)(4) reaches only those fiduciary obligations in which there is substantial inequality in power or knowledge."). Thus, a lawyer-client relationship, a director-shareholder relationship, and a managing partner-limited partner relationship all require

the principal to "repose a special confidence in the fiduciary." Burke, 398 B.R. at 625 (quoting O'Shea v. Frain (In re Frain), 230 F.3d 1014, 1017 (7th Cir. 2000)). Not all fiduciary relationships, however, fall within the purview of § 523(a)(4). Id. (citing Woldman, 92 F.3d at 547). A fiduciary relation qualifies under § 523(a)(4) only if it "imposes real duties in advance of the breach. . . ." Id. (quoting Marchiando, 13 F.3d at 1116 (lottery agent not a "fiduciary")). Therefore, the fiduciary's obligation must exist prior to the alleged wrongdoing. Id. (citing Marchiando, 13 F.3d at 1116).

In larceny, felonious intent must exist at the time of the taking. BLACK'S LAW DICTIONARY (6th ed. 1990); see United States LifeTitle Ins. Co. v. Dohm, 19 B.R. 134 (N.D. Ill. 1982); see also 4 COLLIER, ¶ 523.10[2]. Thus, in larceny, the original taking must be unlawful. In re Brown, 399 B.R. 44, 47 (Bankr. N.D. Ind. 2008) (citing In re Rose, 934 F.2d 901, 903 (7th Cir. 1991) (discussing larceny); In re Hofmann, 144 B.R. 459, 464 (Bankr. D. N.D. 1992)). Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner. In re Rose, 934 F.2d at 903; see also Amcore Bank N.A. v. House, No. 07 C 4934, 2007 WL 2908815, at *1 (N.D. Ill. Oct. 4, 2007).

Bankruptcy courts define embezzlement as the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." In re Weber, 892 F.2d 534, 538–39 (7th Cir. 1989) (quoting Moore v. United States, 160 U.S. 268, 269, 16 S. Ct. 294, 295, 40 L. Ed. 422 (1895)). To prove embezzlement, the creditor must show by clear and convincing evidence that (1) the debtor appropriated funds for his or her own benefit; and (2) the debtor did so with fraudulent intent or deceit. Id. (citing In re Taylor, 58 B.R. 849, 855 (Bankr.E.D.Va.1986); In re James, 42 B.R. 265, 267 (Bankr. W.D. Ky. 1984); In

re Storms, 28 B.R. 761, 765 (Bankr. E.D.N.C. 1983); In re Graziano, 35 B.R. 589, 595 (Bankr. E.D.N.Y. 1983).

Here, while Plaintiffs did not meet their burden of proof for fraud or defalcation while acting in a fiduciary capacity or larceny, the Court finds that Plaintiffs met their burden of proof for embezzlement under § 523(a)(4). Based on Debtor's admissions, Debtor appropriated funds for his own benefit and did so with fraudulent intent and deceit. Debtor sought money from Plaintiffs and told them that he was a licensed real estate broker who would repay Plaintiffs after he closed on certain real property. Based on Debtor's representations, Plaintiffs agreed to loan $115,300 to Debtor since Debtor told Plaintiffs that he would repay the loans from the commission on the sale of real estate that he owned or assisted in the sale. Debtor never repaid Plaintiffs. Instead, Debtor issued a $50,000 check to Plaintiffs, but the check was returned unpaid due to insufficient funds in Debtor's bank accounts. Moreover, Debtor knew his promises were false, misrepresented his intentions to Plaintiffs, and defrauded Plaintiffs who loaned him money pursuant to the August 1, 2006 Contract.

Although Debtor was a real estate broker, there is not enough evidence to determine whether Plaintiffs reposed a special confidence in Debtor as their fiduciary or whether Debtor held a position of ascendancy over Plaintiffs. Burke, 398 B.R. at 625. Defalcation and fraud under § 523(a)(4) require a fiduciary relationship, and, therefore, the burden of proof as to these two issues is not met. Since the original taking was lawful, embezzlement, rather than larceny, is the appropriate claim.

**Section 523(a)(6)**

Section 523(a)(6) provides as follows: "(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt– . . . . (6) for willful and malicious injury by the

debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6).

To determine the non-dischargeability of a debt under section 523(a)(6), a creditor must prove three elements by a preponderance of the evidence: (1) the debtor intended to and caused an injury to the creditor's property interest; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious. Burke, 398 B.R. at 625 (citing Baker Dev. Corp. v. Mulder (In re Mulder), 307 B.R. 637, 641 (Bankr. N.D. Ill. 2004); Glucona Am., Inc. v. Ardisson (In re Ardisson), 272 B.R. 346, 356 (Bankr. N.D. Ill. 2001)). The requirements of "willfulness" and "maliciousness" are distinct requirements in the statutory text and are usually treated as such by the courts. 4 COLLIER, ¶ 523.12[2]; see Carrillo v. Su (In re Su), 290 F.3d 1140 (9th Cir. 2002).

"The word 'willful' in (a)(6) modifies the word „injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Burke, 398 B.R. at 625 (quoting Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998)). Under Geiger and its stringent standards, to satisfy the requirements of § 523(a)(6), a creditor must plead and prove that the debtor actually intended to harm him and not merely that the debtor acted intentionally and he was thus harmed. Burke, 398 B.R. at 625-26 (citing Geiger, 523 U.S. at 61-62). Thus, the debtor must have intended the tortious consequences of his act. Burke, 398 B.R. at 626 (citing Geiger, 523 U.S. at 61-62; Berkson v. Gulevsky (In re Gulevsky), 362 F.3d 961, 964 (7th Cir. 2004)). Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). Id. (citing Geiger, 523 U.S. at 64).

The Supreme Court did not define the scope of the term "intent" utilized to describe willful conduct. Recent decisions, however, have found that either a showing of subjective intent to injure the creditor or a showing of a debtor's subjective knowledge that injury is

substantially certain to result from his acts can establish the requisite intent required by Geiger. Burke, 398 B.R. at 626 (citing Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 463-65 (6th Cir. 1999); Tex. By & Through Board of Regents of Univ. of Tex. Sys. v. Walker, 142 F.3d 813, 823 (5th Cir.1998); Su v. Carrillo (In re Su), 259 B.R. 909, 913 (B.A.P. 9th Cir. 2001), aff'd, 290 F.3d 1140 (9th Cir. 2002); Fidelity Fin. Servs. v. Cox (In re Cox), 243 B.R. 713, 719 (Bankr. N.D. Ill. 2000)). But see Miller v. J.D. Adams, Inc. (In re Miller), 156 F.3d 598 (5th Cir. 1998) (employing an objective standard under which the "willfulness" requirement is satisfied if there is either a subjective intent to cause injury or an objective certainty that the conduct will cause injury). Because a person will rarely admit to acting in a willful and malicious manner, those requirements must be inferred from the circumstances surrounding the injury. Burke, 398 B.R. at 626 (citing Cutler v. Lazzara (In re Lazzara), 287 B.R. 714, 723 (Bankr. N.D. Ill. 2002)).

An act is "malicious" if it is taken "in conscious disregard of one"s duties or without just cause or excuse. . . ." Burke, 398 B.R. at 626 (quoting Thirtyacre, 36 F.3d at 700). The test for maliciousness under § 523(a)(6) is (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause and excuse. Id. (citing Paul, 266 B.R. at 696); see also Thirtyacre, 36 F.3d at 700. A debtor does not have to act with ill will or a specific intent to do harm to the creditor for the conduct to be malicious. Burke, 398 B.R. at 626 (citing Thirtyacre, 36 F.3d at 700). Whether an actor behaved willfully and maliciously is ultimately a question of fact reserved for the trier of fact. Id.

"Injury" means the violation of another's legal right or the infliction of an actionable wrong. Bukowski v. Patel, 266 B.R. 838, 844 (E.D. Wis. 2001) (citing BLACK'S LAW DICTIONARY 785-86 (6th ed.1990)). Injuries covered under section 523(a)(6) are not confined to physical damage or destruction; an injury to intangible personal or property rights is sufficient.

Court the authority to establish deadlines and the discretion to enforce them. Fed. R. Bankr. P. 9006(b). The July 3, 2009 deadline set by the Court was binding on Debtor pro se.

Since Debtor pro se did not timely file his response to Plaintiffs' motion for summary judgment, pursuant to Local Rule 7056-1 and Federal Bankruptcy Rule 9006(b), the Court may refuse to accept Debtor's late filing. In any event, the Court has reviewed Debtor pro se's filing and found that the response does not alter the Court's findings. Debtor does not explain his late response to Plaintiffs' motion for summary judgment and does not give any reason for his lack of response to Plaintiffs' request to admit. At most, Debtor alleges that he was not served with Plaintiffs' "interrogatories." The matter at issue, however, involved Plaintiffs' request to admit, not Plaintiffs' interrogatories. In addition, Plaintiffs' certificate of service attests to the service on Debtor of Plaintiffs' request to admit on March 19, 2009. Therefore, when Debtor did not answer Plaintiff's request to admit within thirty days on April 18, 2009, Federal Rule of Bankruptcy Procedure 7036 provides that the matter is deemed admitted.

Thus, the Court finds that Debtor's admissions have established that there are no issues of material fact and Plaintiffs have met their burden of proof as to § 523(a)(6). Based on Debtor's admissions, Debtor intended to and caused an injury to the creditor's property interest; Debtor's actions were willful; and Debtor's actions were malicious. Burke, 398 B.R. at 625. As stated, Debtor knew his promises were false, misrepresented his intentions to Plaintiffs, and defrauded Plaintiffs who loaned him money pursuant to the August 1, 2006 Contract

Therefore, the Court grants summary judgment in favor of Plaintiffs and against Debtor as to § 523(a)(6).

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for summary judgment. The Court finds that Debtor's debt of $150,215.29, plus costs and interest, relating to the July 16, 2008 default judgment against Debtor in the breach of contract and statutory fraud claims in the Circuit Court of Cook County, is non-dischargeable.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: August 6, 2009

_____
The Honorable Manuel Barbosa
United States Bankruptcy Judge